IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01094-WYD-CBS

BEVERLY J. VOSS,
    Plaintiff,
v.

SILVERMAN/BORENSTEIN, PLLC,
IRVIN BORENSTEIN, ESQUIRE,
DAVID SILVERMAN, ESQUIRE, and
ANNE-MARIE VOS, ESQUIRE,
    Defendants.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff Ms. Voss's failure to timely serve the summons and complaint, failure to respond to the court's August 29, 2013 Order to Show Cause, failure to prosecute this civil action, and failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure. Pursuant to the Order of Reference dated April 25, 2013 (Doc. # 4), this civil action was referred to the Magistrate Judge. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Ms. Voss filed her Complaint on April 24, 2013, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(1) and (2), and seeking statutory damages and costs, among other things. (*See* Doc. # 1). On August 29, 2013, the court issued an order directing Ms. Voss to show cause on or before September 19, 2013 why this civil action should not be dismissed without prejudice for failure file proof of timely service on Defendants, failure to comply with the Federal Rules of Civil Procedure, and failure to prosecute this civil action. (*See*

1

Order to Plaintiff to Show Cause (Doc. # 5)).  *See also* D.C. COLO. LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.");  *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute).  The court advised Ms. Voss that failure to adequately respond to the Order to Show Cause on or before September 19, 2013 could result in dismissal of this civil action without further notice.  (*See* Doc. # 5).  As of this date Ms. Voss has not responded to the court's Order to Show Cause.  The court's records reflect that Ms. Voss's copy of the Order Show Cause was not returned as undeliverable.  Ms. Voss has filed nothing in this case since the filing of the Complaint on April 24, 2013.  "If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."  D.C. COLO. LCivR 41.1.  Defendants may properly be dismissed based on Ms. Voss's failure to respond to the court's Order to Show Cause.

The Federal Rules of Civil Procedure provide:

"[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  As of this date, more than 153 days has passed since the filing of the Complaint and Ms. Voss has not filed with the court any proof of service of process on the Defendants.  To date, none of the Defendants has filed with the Clerk of the Court a signed waiver of service or appeared in the case.  Ms. Voss has not requested or shown good cause for an extension of time to serve the Defendants.  A court cannot obtain personal jurisdiction

over a party without proper service of process.  *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted);  *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted);  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").  Sufficient time has been afforded to serve Defendants such that Defendants may also properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m).

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted).  Here, the court recommends dismissal without prejudice.  The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted).  Ms. Voss has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* attempt to identify and apply any limitations periods or tolling provisions applicable to Ms. Voss's Complaint.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for failure to timely serve the Defendants, failure to respond to the court's August 29, 2013 Order to Show Cause, failure to prosecute this civil action, and failure to comply with court

orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418

F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 25th day of September, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge